# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JERRY P. TAMARKIN, et al., | ) | CASE NO. 4:13cv2652 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| VALU MANAGEMENT COMPANY, et | ) | **AND ORDER** |
| al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of defendant Nathan H. Monus to dismiss the action against him due to both lack of personal jurisdiction and improper venue or, in the alternative, to transfer to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1404(a). (Doc. No. 20.) Intervenor plaintiff United States of America does not oppose transfer to Florida. (*See* Doc. No. 26.) Defendant Huntington National Bank has filed its opposition to the motion (Doc. No. 28), as have the plaintiffs (Doc. No. 29). Monus filed a reply to plaintiffs' opposition. (Doc. No. 31.) For the reasons discussed herein, the motion is denied.

Also before the Court is the plaintiffs' motion to rename Defendant Valu Management Company as a party plaintiff. (Doc. No. 22.) Monus opposes this motion. (Doc. No. 30.) For the reasons discussed herein, the motion is denied.

# I. BACKGROUND

The factual allegations underlying this case are somewhat simple. The same is not true of its procedural history.[1] Although it is the procedural history that is most relevant to resolution of the instant motion, the Court will first set the context by reciting the factual allegations.

The case began in the Trumbull County Court of Common Pleas on September 25, 2012,[2] when Jerry P. Tamarkin, Bertram Tamarkin, and The Tamarkin Family Limited Partnership (collectively, "the Tamarkins" or "plaintiffs") filed a complaint against Valu Management Company, Nathan H. Monus ("Monus"), Key Bank ("Key"), Huntington National Bank ("Huntington"), and the United States of America ("USA"). (Compl. [Doc. No. 24-1 beginning at 155].)

The complaint seeks to dissociate defendant Monus from Valu Management Company ("the Partnership"), an Ohio partnership founded in 1979, with its principal place of business and substantially all its assets in Trumbull County, Ohio. (*Id*. ¶¶ 2, 8.)[3] The Tamarkins are collectively the owners of an 87½% interest in the Partnership; plaintiff Jerry Tamarkin is the current managing partner. (*Id*. ¶ 1.) Defendant Monus, who owns the remaining 12½% interest in the Partnership ("the Monus Partnership Interest"), was the original managing partner. (*Id*. ¶ 3.)

---

[1] Unfortunately, as a result of this history, the record can be difficult to navigate. The Court requested that the United States of America, the removing party, file a set of all relevant documents from the state case and the earlier federal case (No. 4:12cv2611), so as to have a complete record in the instant case. Doc. No. 24 contains the state court documents, and Doc. No. 25 contains the federal court documents. This opinion attempts to map the most significant portions of the record to aid in any possible review.

[2] Case No. 2012 CV 2186.

[3] Defendant Monus denies that the Partnership's principal place of business is in Ohio, pointing to its Boca Raton, Florida address listed in the complaint. (Monus Answer [Doc. No. 19] ¶ 2.) But, for purposes of this motion, all allegations in the complaint are taken as true.

At that time, he resided in Trumbull County, Ohio, although he now resides in West Palm Beach, Florida. (*Id.*)

       The complaint alleges that the Partnership "expired April 1, 1999[,]" and "[p]ursuant to O.R.C. § 1776.46(A), . . . has and continues to operate as a Partnership at will in a manner in all respects similar to its operations during the term of the Partnership." (*Id.* ¶ 9.)[4] "The principal asset of the Partnership is its interest as a fifty percent (50%) joint venturer in a joint venture known as Howland Plaza (the 'Joint Venture'), which owns and operates a shopping plaza located in the Township of Howland, Trumbull County, Ohio." (*Id.* ¶ 10.)

       On or about 1991, the Tamarkins "became aware of the actions of Monus in misdirecting and utilizing Partnership funds and assets for personal and non-Partnership purposes without the knowledge, consent or authorization of the [Tamarkins]." (*Id.* ¶ 11.) Monus was thereafter "displaced as the Managing Partner of the Partnership and his capital account was debited by the amount of the unauthorized funds received or used for his personal benefit . . . the effect of which resulted in a negative capital account for Monus" in the amount of $1,087,106.82. (*Id.* ¶ 12.) From 1991 through 2011, "on an annual basis, the negative capital account of Monus has been credited with the amount of the surplus cash distributions to which each of the partners were [sic] entitled . . . , however, there continues to remain, with statutory interest, a negative capital account for Monus in the amount of $1,055,926.21." (*Id.* ¶ 13.)

       USA was originally named as a defendant in the lawsuit because of its potential interest based on tax liens; however, as explained below, it has since been realigned as an

---

[4] The Partnership Agreement is attached to the complaint. (Doc. No. 24-1, beginning at 171.) Section 1.6 provides, in relevant part: "The term of the Partnership shall commence as of the effective date and shall continue until April 1, 1999[.]" (*Id.* at 174.) Ohio Rev. Code § 1776.46(A) provides, in relevant part: "If a partnership for a definite term . . . is continued, without an express agreement, after the expiration of the term . . . , the rights and duties of the partners remain the same as they were at the expiration . . . , so far as is consistent with a partnership at will."

intervening plaintiff. Key and Huntington are named due to possible liens against the Monus Partnership Interest.

The Court turns now to the somewhat complicated procedural history of the case.

On October 18, 2012, USA removed Trumbull County Case No. 2012cv2186 to this Court, purportedly under 28 U.S.C. §§ 1442 and 2410.[5] (*See* Case No. 4:12cv2611, hereafter "Tamarkin I".) Subsequent to the removal, answers to the complaint were filed by Huntington on October 26, 2012,[6] by Monus on October 31, 2012 (including a counterclaim),[7] and by USA on December 3, 2012.[8] The Tamarkins replied to Monus's counterclaim on November 9, 2012.[9]

The Court conducted the Case Management Conference in Tamarkin I on July 26, 2013.[10] During the conference, the Court questioned subject matter jurisdiction and directed the parties to confer on the issue and, if they could not agree that jurisdiction was lacking, to file simultaneous briefs by August 19, 2013. (July 26, 2013 Minutes.)

On August 19, 2013, no simultaneous briefs were filed, but, on August 13, 2013, USA filed a two-part motion, first to dismiss it as a defendant and, second, to allow it to intervene as a plaintiff. (Doc. No. 25-2 beginning at 429.) On October 7, 2013,[11] the Court granted the motion to dismiss, but denied without prejudice the motion to intervene, concluding

---

[5] Doc. No. 25-1 beginning at 299.

[6] Doc. No. 25-1 beginning at 361.

[7] Doc. No. 25-1 beginning at 370.

[8] Doc. No. 25-1 beginning at 380.

[9] Doc. No. 25-1 beginning at 377.

[10] At the time, no one had appeared on behalf of the Partnership or Key; that remains true to date.

[11] Doc. No. 25-2 beginning at 449.

4

that, since remand was appropriate, the propriety of intervention should be determined by the state court. By separate order dated October 7, 2013, Tamarkin I was remanded.[12]

Following remand, on November 1, 2013, USA filed in the state court case a motion to intervene to protect its potential interest in the Monus Partnership Interest.[13] The motion was granted on November 8, 2013,[14] and USA intervened as a plaintiff.[15] On November 25, 2013, the Tamarkins responded to USA's complaint in intervention.[16] On November 27, 2013, Huntington filed its answer.[17]

On November 29, 2013, USA once again removed the case to this Court,[18] where it was assigned to the undersigned as related to Tamarkin I. The removed case was given a new number. (Case No. 4:13cv2652, hereafter "Tamarkin II.") On February 5, 2014, Monus filed his answer to the intervenor's complaint.[19] On February 28, 2014, with leave, Monus filed an amended answer and counterclaim.[20] On March 12, 2014, the Tamarkins filed their reply to Monus's counterclaim.[21]

On February 28, 2014, Monus filed the instant motion to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer venue. On March 13,

---

[12] Doc. No. 25-2 at 453.

[13] Doc. No. 24-1 beginning at 250.

[14] Doc. No. 24-1 at 270.

[15] Doc. No. 24-1 beginning at 257.

[16] Doc. No. 24-1 beginning at 271.

[17] Doc. No. 24-1 beginning at 277.

[18] Doc. No. 1.

[19] Doc. No. 12.

[20] Doc. No. 19, amending Doc. No. 8 in Case No. 4:12CV2611.

[21] Doc. No. 21.

2014, the Tamarkins filed their motion to rename defendant Valu Management Company as a plaintiff. Both motions are fully briefed and ripe for determination.

## II. DISCUSSION

### A.    Motion to Dismiss

Monus first seeks dismissal of Tamarkin II due to lack of personal jurisdiction and improper venue. Those parties who have filed substantive briefs, including Monus, the Tamarkins, and Huntington, devote their discussion to the legal concepts of personal jurisdiction (and how that attaches in any given court) and the propriety of venue in a particular location.

The Court could also devote significant space herein to a similar discussion. Instead the Court bases its decision on the simple fact that, when Monus filed his answer to the complaint, he failed to raise either a defense of failure of personal jurisdiction or a defense of improper venue. (*See* Doc. No. 25-1 at 370, which is a copy of Doc. No. 8 filed in Case No. 4:12CV2611.)

Rule 12(h)(1) of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by: . . . (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Rule 12(b) includes the defenses of "(2) lack of personal jurisdiction[]" and "(3) improper venue[.]" In Tamarkin I, Monus chose to file an answer to the complaint, not a Rule 12(b) motion; this answer did not contain either a defense of lack of personal jurisdiction or a defense of improper venue. Monus thereby waived the two defenses he now belatedly attempts to raise.[22]

---

[22] In its opposition to Monus's motion, Huntington mentioned that Monus failed to raise the defenses, but made no argument with respect to waiver. (*See* Doc. No. 28 at 464 ¶ 8.)

The fact that Monus's answer was originally filed in Tamarkin I after removal, but prior to remand, does not change the analysis. Tamarkin II is the very same case, with a new case number, resulting from the second removal. Monus does not get a second bite at the apple just because he has new counsel and the case number has changed.

Nor is the analysis altered by the fact that Monus's answer in Tamarkin I stated as his final defense that he "raises and preserves each and every defense set forth in Civ. R. 8, 9, and 12, not set forth above, and reserves the right to assert additional affirmative defenses based on discovery and matters introduced at trial." (Doc. No. 25-1 at 373 ¶ 22.) This type of generic language is insufficient to preserve specific defenses that could have and, to properly preserve, should have been raised in the original answer or initial responsive pleading, since all the information needed to raise them was available to Monus at the time he filed his answer in Tamarkin I. No discovery or additional information was required.[23]

For this reason as well as the other reasons identified by the Tamarkins and Huntington in their respective oppositions, the motion to dismiss for lack of personal jurisdiction and/or due to improper venue is denied.

---

[23] In his motion for leave to file an amended answer, Monus provided his reasons for wanting to amend, as follows:

> . . . Nathan Monus seeks leave to amend his answer and counterclaim on the grounds that justice so requires. During the pendency of this suit there has been conflicting information provided about the specifics of Plaintiffs' claim making changes necessary. Moreover, there has as yet been no discovery, no pretrial disclosures and no schedule established by the Court. No one will be prejudiced by the this [sic] amendment and no delay in the proceedings will result from the amendment.

(Doc. No. 13 at 77.) It appears that the last-minute addition of these two defenses had nothing to do with the reasons given in the answer in Tamarkin I for reserving a right to assert additional defenses at a later time.

**B.      Motion to Transfer Venue**

In the alternative to dismissal, Monus seeks an order transferring Tamarkin II to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Since all parties have not consented, any transfer would need to be to a district where the case "might have been brought[.]"

Monus argues that the potential witnesses, whom he lists in his motion (Doc. No. 20 at 120-22), all reside in Florida, except for experts who reside neither in Florida nor Ohio. He asserts that the only persons who are advantaged by a Northern District of Ohio venue are plaintiffs' counsel. Monus also argues, without any meaningful explanation (other than that all defendants are amenable to service in Florida), that "[t]here is no doubt this case could have been brought in Florida originally." (*Id.* at 123.)

Plaintiffs oppose Monus's motion, arguing that his primary argument relates to the location of witnesses. In plaintiffs' view, the parties have already agreed that this matter can and will be decided on stipulated facts and dispositive motions. (Doc. No. 29 at 493 [citing Doc. No. 16].) Monus, however, asserts that he does not agree that no witness testimony will be required. (Doc. No. 31 at 500-01.) Huntington also opposes any transfer, and argues that the case could not have originally been brought in Florida and, therefore, cannot be transferred there. (Doc. No. 28 at 468.)

8

The Court agrees with Huntington. There is nothing to suggest that any court in Florida would have subject matter jurisdiction over a case seeking dissolution of an Ohio partnership. Even if one were to argue that there would be diversity of citizenship so as to confer federal jurisdiction, that argument would not stand. Virtually all parties herein are apparently Florida residents, except, arguably, Valu Management Company. Tamarkin II could not have been brought originally in Florida.

The motion to transfer venue is denied.

In summary, the Court notes that this case is here *solely* because USA had the statutory right to remove it and, despite its ability to protect its interest equally well in state or federal court, has insisted on exercising that right. This purely state law case, with the mere possibility of a federal tax interest, is truly a case of the "tail wagging the dog," but this Court nonetheless has jurisdiction and is a proper venue and, therefore, must retain the case.

## C.    Plaintiffs' Motion to Redesignate Party

Finally, plaintiffs have moved to redesignate defendant Valu Management Company, which has yet to make an appearance and is unrepresented by counsel, as a party plaintiff. Plaintiffs originally chose to name the Partnership as a defendant because they "believed the litigation would be cleaner if it included the Partnership in a limited, unrepresented capacity as a Defendant, rather than as an additional represented Plaintiff." (Doc. No. 22 at 148.) Monus's amended answer and counterclaim, which purportedly (and improperly) included the Partnership as a "counterclaimant," "changed the . . . factual scenario significantly[,]" (*id.*), in plaintiffs' view. Now they desire "to take all actions necessary to ensure the record is properly

protected by removing Valu Management Company as a defendant/counterclaimant and properly identifying it as a party Plaintiff/Counter-Defendant in this matter." (*Id.*)[24]

Monus opposes this motion arguing, *inter alia*, that he has made no counterclaim against the Partnership. (Doc. No. 30 at 496.) He further argues that the Partnership should not be a party to the lawsuit in any capacity. (*Id.* at 497.)

The Court tends to agree with Monus. The Partnership has made no appearance in this case to date, despite the lengthy proceedings. Accordingly, plaintiffs' motion is denied. Further, the Court intends to dismiss the Partnership without prejudice on October 1, 2014, unless a party submits a convincing argument in writing by September 16, 2014 explaining why that action would be inappropriate.

### III. CONCLUSION

For the reasons discussed above, Monus's motion to dismiss or to transfer venue (Doc. No. 20) is **DENIED**. Plaintiffs' motion to redesignate Valu Management Company as a plaintiff (Doc. No. 22) is **DENIED**. The Court intends to dismiss Valu Management Company on October 1, 2014 unless convinced not to do so by timely written submission(s).

The case will now proceed according to the schedule set forth in the Initial Case Management Plan. (Doc. No. 18.)

**IT IS SO ORDERED**.

Dated: September 2, 2014

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[24] The Court notes that, inexplicably, the listing of parties on the docket fails to reflect *any* counterclaim. That said, there *is* a counterclaim (*see* Doc. No. 19), and the Court's reading of that counterclaim reveals that, even though the *caption* of the document states that the Partnership is a "defendant/counterclaimant," there is actually no claim made against the Partnership by Monus and the Partnership is not alleged to be a party. (*See id.*, esp. ¶¶ 1-5, at 108.)